# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

NO. 2019 KW 1600

IN THE INTEREST OF H.C.

**DECEMBER 11, 2019**

---

In Re:    H.C., applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 9493JJ.

---

**BEFORE:    McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WRIT GRANTED.** The transcript of July 21, 2016 adjudication hearing does not reflect the parties agreed to a specific disposition in exchange for the juvenile's admissions. Rather, the transcript reflects that the juvenile entered his admissions in exchange for the state agreeing not to pursue transfer proceedings. The juvenile court imposed the mandatory judgment of disposition. For this reason, the state failed to demonstrate that as part of the plea agreement, the juvenile agreed to a specific disposition. See **State in the Interest of E.C.**, 2013-2483 (La. 6/13/14), 141 So.3d 785, 788 ("The party demanding specific performance of a contract has the burden of proving its existence."). Therefore, the juvenile court erred by pretermitting the motion to modify the judgment of disposition. Accordingly, the juvenile court's ruling granting the state's motion for specific enforcement of the plea agreement is reversed and the matter is remanded to the juvenile court for consideration of the juvenile's motion for modification of the judgment of disposition. We express no opinion regarding the merits of the juvenile's motion to modify the judgment of disposition.

**PMc**
**JEW**


**Holdridge, J.,** concurs.


COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT